Erin J. Ruben
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP**
900 W. Morgan St.
Raleigh, NC 27603
(919) 600-5009 (phone)
865-522-0049 (fax)
eruben@milberg.com

*Attorneys for Plaintiffs and Putative Classes*
*Other Counsel on Signature Page*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WATSON and ANGELA KEERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRUMBL LLC, CRUMBL IP, LLC, CRUMBL FRANCHISING, LLC, and CRUMBL ENTERPRISES, LLC,<br><br>Defendants. | Case No.: 2:23-cv-01770-DJC-CKD<br><br>Hon. Daniel J. Calabretta<br><br>**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, Plaintiffs Lisa Watson and Angela Keers, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendants Crumbl LLC, Crumbl IP, LLC, Crumbl Franchising, LLC, and Crumbl Enterprises, LLC ("Defendants" and collectively with Plaintiffs, the "Parties") to the above-captioned case (the "Action"), are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying;

WHEREAS, the Parties may be required in the course of discovery to produce or disclose confidential and/or proprietary business information, trade secret information, or other information that is non-public and sensitive in nature;

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for entry of this Confidentiality Stipulation and Proposed Protective Order ("Stipulation");

WHEREAS, the entry of this Stipulation will expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, promote fair and expeditious resolution of this litigation;

THEREFORE, IT IS HEREBY STIPULATED and ORDERED that:

1. This Stipulation shall govern the handling of all information, material, and documents (as defined in Fed. R. Civ. P. 34(a)) disclosed during the course of the Action by any Party or by any non-party acting voluntarily or in response to Court-authorized discovery, including taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

2. As used herein:

   (a) "Producing Party" shall mean any Party or any non-party producing Litigation Material.

   (b) "Receiving Party" shall mean any Party or any non-party receiving Litigation Material.

3. Confidential Information. As used in this Order, "Confidential Information" means information (including tangible things) designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the Producing Party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, customer, or financial

information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) sensitive personal information; (h) personnel or employment records of a person who is not a party to the case; or (g) information (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c). Information or documents that are available to the public may not be designated as Confidential Information.

4. <u>Designation</u>. A Party or non-party may designate as Confidential Information any Litigation Material, in whole or in part, for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.

    a. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed.

    b. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

    c. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents

and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

5. <u>Depositions</u>. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until thirty (30) days after notification from the court reporter that the transcript is available. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

6. <u>Protection of Confidential Material.</u>

    a. *General Protections.* Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    b. *Limited Third-Party Disclosures*. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

        ii. Parties. Individual parties and employees of a party to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        iii. The Court and its personnel;

      iv. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

      v. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

      vi. Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have signed the "Acknowledgment" (Attachment A);

      vii. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

      viii. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

      ix. Third Parties. Confidential Information produced during discovery in this litigation may be disclosed, if reasonably necessary, to third parties who have signed the "Acknowledgment" (Attachment A) for the limited purpose of conducting third-party discovery

pursuant to Fed. R. Civ. P. 45, subject to Paragraph 13, below; and

x. Others by Consent. Other persons who have signed the "Acknowledgment" (Attachment A), but only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

7. <u>Inadvertent Production.</u> If a party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information. An inadvertent failure to designate qualified information or items does not waive the designating party's right to secure protection under this Order for such material. This Stipulation shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which the Producing Party claims confidentiality.

8. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the procedures set forth in the Judge's Standing Order in Civil Cases and Local Rules 140 and 141.

9. <u>No Greater Protection of Specific Documents.</u> Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. <u>Challenges by a Party to Designation as Confidential Information.</u> The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

   a. *Meet and Confer*.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  The party challenging the designation shall initiate the meet and confer process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulation.  Failure to cite to this specific paragraph does not render the notice or challenge invalid, and the designating party may inquire as to whether the challenge is being made in accordance with this specific paragraph.  In the notice, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the notice within ten (10) business days.

   b. *Judicial Intervention*. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge

proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11. <u>Use of Confidential Documents or Information at Trial.</u> Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation.</u>

   a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   b. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this

case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

13. Third-Party Discovery.

   a. Confidential information produced during discovery in this litigation may be disclosed, if reasonably necessary, to third parties for the limited purpose of conducting third-party discovery pursuant to Fed. R. Civ. P. 45 subpoenas so long as the third parties to whom confidential information is disclosed agree to treat the information as confidential pursuant to this Protective Order and sign the "Acknowledgment" (Attachment A). In advance of receipt of the confidential information, a third-party must: (1) agree to be bound by the terms of this Protective Order; or (2) must otherwise show an already-existing confidential relationship between the third-party and the Producing Party which would apply to the confidential information.

   b. Third parties may designate documents produced pursuant to third-party subpoenas as confidential consistent with the procedures outlined herein.

16. <u>No Waiver</u>. The procedures set forth herein shall not affect the rights of the Parties to object to the production of documents, testimony or other materials on grounds other than those related to trade secrets or proprietary information, nor shall it relieve a

party of the necessity of providing proper responses to discovery requests. Furthermore, nothing in this Order shall require the production of documents, things or other information that any party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine.

17. <u>No Effect on Admissibility</u>. Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.

18. <u>Privileged Material</u>. If a Receiving Party receives Litigation Material that the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), the Receiving Party shall, upon receipt of demand by the Producing Party, immediately return the Litigation Material containing the Privileged Material without reserving a copy or copies. The inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this Action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B). This Stipulation shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production.

19. <u>Miscellaneous</u>. Entering into or otherwise complying with this Stipulation or producing or receiving Confidential Litigation Material shall not:

    a. prevent any Party or non-party from using in this or any other matter, or disclosing to any person or entity as it deems appropriate, its own Confidential Information, and any such use or disclosure shall not be

      deemed a waiver of any Party's or non-party's rights or obligations under this Stipulation;

  b. prevent any Party or non-party from using in this or any other matter, or disclosing to any person as it deems appropriate, any information that: (i) was publicly available or generally known at the time of disclosure, (ii) became publicly available or generally known after the time of disclosure through no fault of any Receiving Party, (iii) was known or possessed at the time of disclosure by the Receiving Party intending to use the information, (iv) was received from a third party who was under no obligation of confidentiality to the Producing Party, or (v) was developed independently of the disclosure; and

  c. operate as an admission that any particular Confidential Litigation Material contains, reflects or otherwise discloses any type of trade secret information, or other Confidential information.

20. <u>Amendments</u>. The provisions of this Stipulation may be modified by agreement of the Parties, and this Stipulation is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. <u>No Probative Value</u>. The fact that a document, item or information is designated as Confidential shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information is or is not Confidential; (ii) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided in this Order; or (iii) whether any particular information is or is not relevant to any issue of this case. Absent a stipulation of all parties, or a court order, the fact that information has been designated

Confidential under this Order shall not be admissible during the trial of this Action, and the jury shall not be advised of such designation.

22. <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make such amendments to this Stipulation as the Court deems appropriate. The provisions of this Stipulation regarding the use and/or disclosure of Confidential Litigation Material shall survive the termination of this Action, and the Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Order.

23. <u>Written Notice</u>. Written notice provided under this Order shall be by email to all counsel of record for all parties and by any means designated by counsel for any non-parties or to the non-parties if they are unrepresented by counsel. If no designation is made by counsel for any non-parties or to the non-parties if they are unrepresented by counsel, email shall be deemed sufficient written notice under this Paragraph and this Stipulation.

24. <u>Counterparts</u>. This Stipulation may be executed in counterparts.

25. <u>Unauthorized Disclosure of Protected Material</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment" that is attached hereto as Exhibit A.

26. <u>Final Disposition</u>. Within 60 days after the final disposition of this action (which shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law), each Receiving Party must return all Confidential Information to the Producing party or destroy such material. As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing party (and, if not the same person or entity, to the designating party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

SO STIPULATED AND AGREED.

////

////

////

////

////

////

////

////

**ORDER**

The Court has reviewed the parties' stipulated protective order. The stipulation comports with the relevant authorities and the court's applicable local rule. <u>See</u> Local Rule 141.1. The Court APPROVES the protective order, subject to a clarification that the Court will not retain jurisdiction over this protective order once the case is closed. <u>See</u> Local Rule 141.1(f).

Dated:  September 25, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, wats1770.23

Submitted for Entry:

| | |
|---|---|
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP** | **Foley & Lardner LLP** |
| <u>/s/ Erin Ruben</u><br>Erin Ruben*<br>900 W. Morgan St.<br>Raleigh, NC 27603<br>T: 865-247-0080<br>F: 865-522-0049<br>eruben@milberg.com | <u>/s/ Jaikaran Singh</u><br>Jaikaran Singh, CA BAR NO. 201355<br>jsingh@foley.com<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130<br>T: 858-847-6700<br>F: 858-792-6773 |
| Harper T. Segui**<br>825 Lowcountry Blvd., Suite 101<br>Mount Pleasant, SC 29464<br>T: 919-600-5000<br>hsegui@milberg.com | Jordan Bledsoe (*Pro Hac Vice*)<br>jordan.bledsoe@foley.com<br>Robert Stewart, CA BAR NO. 330308<br>rtstewart@foley.com<br>95 S. State Street, Suite 2500<br>Salt Lake City, UT 84111<br>T: 801.401.8900<br>F: 385-799-7576 |
| Rachel Soffin* | |

| | |
|---|---|
| 800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>T: 865-247-0080<br>F: 865-522-0049<br>rsoffin@milberg.com | Savannah Levin, CA BAR NO. 347929<br>slevin@foley.com<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>T: 213-972-4500<br>F: 213-486-0065 |

*Admitted *pro hac vice*

**Motion to be admitted *pro hac vice* forthcoming

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. 2:23-CV-01770-DJC-CKD

## ACKNOWLEDGEMENT

### Exhibit A to Stipulated Confidentiality and Protective Order

I, _____, state the following:

1. I have read and understand the attached Stipulated Confidentiality and Protective Order and I attest to my understanding that access to information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" may be provided to me, and that such access shall be pursuant to the terms and conditions and restrictions of the Stipulated Confidentiality and Protective Order. I agree to be bound by the terms of the Stipulated Confidentiality and Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2. I shall not use or disclose to others, except in accordance with the Stipulated Confidentiality and Protective Order, any "Confidential" documents or information. If I fail to abide by the terms of this Stipulated Confidentiality and Protective Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Stipulated Confidentiality and Protective Order.

Date:_____          SIGNATURE:_____